**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL BROWN, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT LAMAS, *et al.*, | : | |
| Respondent | : | NO. 11-1066 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                          March 23, 2012
CHIEF UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se,* pursuant to 28 U.S.C. § 2254.  Michael Brown ("Petitioner"), currently incarcerated at the State Correctional Institution-Rockview, located in Bellefonte, Pennsylvania, seeks habeas relief based on ineffective assistance of counsel.  The Honorable Petrese B. Tucker referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Petitioner not be afforded habeas relief.

## I.  BACKGROUND AND PROCEDURAL HISTORY[1]

The Pennsylvania Superior Court summarized the facts leading to Petitioner's conviction and sentence and his subsequent direct appeal as follows:

> In April and May of 2005, [Petitioner] and his girlfriend committed several robberies in Lehigh and Northampton Counties. [Petitioner] was tried for all cases in Lehigh County. [Petitioner] pled guilty to four counts of robbery and five counts of criminal conspiracy.  On December 5, 2005, the trial court sentenced [Petitioner] to an aggregate period of imprisonment of eighteen to forty-eight years. This Court affirmed the judgment of sentence.  ***Commonwealth v. Brown***, 919 A.2d 968 (Pa. Super. 2007) (unpublished memorandum). [Petitioner] did not file a petition for allowance of appeal with our

---

[1]The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition (Document No. 1), his Memorandum of Law (Document No. 2), the Commonwealth's Response to Petition for Writ of Habeas Corpus (Document No. 11), Petitioner's Reply (Document Nos. 12, 13) and the state court record.

Supreme Court.

[Petitioner], acting *pro se*, timely filed a PCRA [Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46] petition. He also filed, *inter alia*, a motion to waive counsel. Prior to the evidentiary hearing on [Petitioner's] motion, the PCRA court conducted a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and determined that [Petitioner's] waiver of counsel was knowing, intelligent, and voluntary. Trial counsel was the only witness to testify at the evidentiary hearing.

On June 26, 2008, the PCRA court denied and dismissed [Petitioner's] petition. [Petitioner] timely filed a notice of appeal.

*Commonwealth v. Brown*, No. 2271 EDA 2008, slip op. at 1-2 (Pa. Super. Ct. Jan. 5, 2010) ("2010 Super. Ct. Op.").

The Superior Court affirmed the denial of PCRA relief. *Id.* at 4-13. On January 10, 2011, the Pennsylvania Supreme Court denied allowance of appeal ("*allocatur*"). *Commonwealth v. Brown*, 12 A.3d 287 (Pa. 2011) (Table).

On February 6, 2011,[2] Petitioner filed the instant habeas petition, raising the following claims: (1) trial counsel was ineffective for failing to dismiss the information based on jurisdictional or venue defects; (2) trial counsel was ineffective for failing to move to withdraw the guilty plea after sentencing because the plea agreement required that the five criminal episodes be sentenced concurrently, not consecutively; (3) trial counsel was ineffective for failing to challenge the legality of his enhanced sentence based upon the BB gun he used to commit the offenses; (4) trial counsel was ineffective for improperly advising Petitioner concerning whether his confession could have been suppressed; and (5) trial counsel was ineffective for failing to object to the grading of the conspiracy charge contained in count 31 of the information. Petition ("Pet.") at 6-12; Petitioner's

---

[2] The Clerk of Court docketed the habeas corpus petition on February 11, 2011. However, because Petitioner is a *pro se* inmate, his petition must be deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the petition on February 6, 2011. Petition at 16. Absent any evidence to the contrary, the court will deem this earlier date the filing date.

Memorandum of Law ("Mem.") at 4, 10-36.  The Commonwealth responds that all of Petitioner's claims lack merit under the appropriate standard of review.  Response ("Resp.") at 12-19.  This court concludes that claim one is procedurally defaulted and that the other claims lack merit under the appropriate standard of review.

## II.  DISCUSSION

### A.     Procedurally Defaulted Claim One

#### 1.      Exhaustion and Procedural Default Principles

A habeas petitioner must exhaust state court remedies before obtaining habeas relief.  28 U.S.C. § 2254(b)(1)(A).  The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court and the Pennsylvania Supreme Court.  *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek *allocatur* from the Pennsylvania Supreme Court in order to exhaust state remedies.  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

If a habeas petitioner has presented his claim to the state courts but the state courts have declined to review the claim on its merits because the petitioner failed to comply with a state rule of procedure when presenting the claim, the claim is procedurally defaulted.  *See Harris v. Reed*, 489 U.S. 255, 262-63 (1989).  When a state court has declined to review a claim based on a procedural default and the claim is not later addressed on the merits by a higher court, the habeas court must presume that the higher state court's decision rests on the procedural default identified by the lower state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  Finally, when a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because

-3-

of a state procedural rule, the claim is procedurally defaulted.[3]  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Procedurally defaulted claims cannot be reviewed unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  In order to demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the state's procedural rule." *Id.* at 753 (citation omitted).  Examples of cause include:  (1) a showing that the factual or legal basis for a claim was not reasonably available; (2) a showing that some interference by state officials made compliance with the state procedural rule impracticable; (3) attorney error that constitutes ineffective assistance of counsel.  *Id.* at 753-54.

The fundamental miscarriage of justice exception is limited to cases of "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995).  In order to demonstrate that he is "actually innocent," the petitioner must present new, reliable evidence of his innocence that was not presented at trial.[4] *Id.* at 316-17, 324.  The court must consider the evidence of innocence presented along with all the evidence in the record, even that which was excluded or unavailable at trial.  *Id.* at 327-28.  Once all this evidence is considered, the petitioner's defaulted claims can only be reviewed if the court is satisfied "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.* at 327.

---

[3] A common reason the state courts would decline to review a claim that has not been presented previously is the expiration of the statute of limitations for state collateral review.  *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001).

[4] This evidence need not be directly related to the habeas claims the petitioner is presenting, because the habeas claims themselves need not demonstrate that he is innocent.  *See Schlup*, 513 U.S. at 315.

## 2.    Application of Principles

In his PCRA appeal, Petitioner raised claim one.  2010 Super. Ct. Op. at 3-5.  However, the Superior Court concluded that Petitioner had waived the claim because he had failed to raise it in the PCRA Court.  *Id.* at 5 (citing Pa. R. App. P. 302(a)).[5]  Petitioner's violation of Pa. R. App. P. 302(a) constitutes a procedural default.  *Crocker v. Klem*, 2011 WL 5282776, *2 (3d Cir. Nov. 4, 2011) (non precedential).  Petitioner has not advanced any cause and prejudice to excuse this default, nor has he presented any new, reliable evidence of his innocence.  Accordingly, procedurally defaulted claim one may not be addressed on its merits.

## B.    Claims Two Through Five Lack Merit under the AEDPA Standard

### 1.    The AEDPA Standard of Review

All of Petitioner's remaining claims of ineffective assistance of counsel were addressed on their merits by the Superior Court.  *See* 2010 Super. Ct. Op. at 5-13.  Hence, those claims are exhausted and must be considered under the standard of review established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that this court cannot grant habeas relief on a claim unless the state court's adjudication of it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  The habeas statute also provides that any findings of fact made by the state court must be presumed to be correct; Petitioner bears the burden of rebutting the presumption of

---

[5] This state procedural rule provides that issues not raised in the lower court are waived and cannot be raised for the first time on appeal.

correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court's adjudication of a claim is contrary to United States Supreme Court precedent if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  In determining whether a state court's decision was contrary to Supreme Court precedent, the habeas court should not be quick to attribute error. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*).  Instead, state court decisions should be "given the benefit of the doubt." *Id.*  In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*).  All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

If, however, the state court does correctly identify the governing United States Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. *Williams v. Taylor*, 529 U.S. at 406.  A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. *Id.* at 407-08.  In making the unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *Id.* at 409.  The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect. *Id.* at 411.  Instead, the habeas court must be convinced that the state court's adjudication of the claim was objectively unreasonable. *Id.*  When deciding whether a state court's application of

Supreme Court precedent was unreasonable, it is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent. *See Marshall v. Hendricks*, 307 F.3d 36, 71 n.24 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104 n.8 (3d Cir. 2001).

The Supreme Court, addressing AEDPA's factual review provisions in *Miller-El v. Cockerell*, 537 U.S. 322 (2003), interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* at 340. Yet, the habeas court can "disagree with a state court's credibility determination." *Id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 528 (2003) (rejecting state court's factual determination under § 2254(e)(1) and § 2254(d)(2)). If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is not barred by § 2254(d)(2). *Lambert v. Blackwell,* 387 F.3d at 235.

### 2.      Standard for Ineffective Assistance of Counsel

The basic test for claims of ineffective assistance of counsel was established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, the petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If the petitioner fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, counsel will not be found ineffective for failing to pursue a meritless claim or objection. *Johnson v. Tennis*, 549 F.3d 296, 303 (3d Cir. 2008).

### 3.    Claim Two

In claim two, Petitioner asserts that trial counsel was ineffective for failing to move to withdraw the guilty plea after sentencing on the grounds that the plea agreement required that the sentences for each criminal episode be concurrent with each other, not consecutive to each other. Mem. at 14-21. The Commonwealth responds that this claim is belied by the record. Resp. at 13-15.

The Superior Court resolved this claim by concluding that Petitioner was aware, at the time he pled guilty, that his sentences for each of the five criminal episodes could be consecutive. 2010 Super. Ct. Op. at 5-7. Hence, his claim was belied by the factual record. *Id.* at 5.

The Superior Court's conclusion that Petitioner's claim lacks factual basis is reasonable, because it is well supported. At the plea colloquy, the prosecutor explained that four of the five

criminal episodes involved a robbery and a conspiracy to commit robbery; the last episode involved only a conspiracy to commit robbery.  (N.T. 10/27/05 at 3-4).  Also, the prosecutor expressly stated that the agreement between it and Petitioner provided that the sentence for each paired robbery and conspiracy would be concurrent; there was no agreement that the sentences for each separate criminal episode would be concurrent to each other.  *Id.* at 4.  Hence, the potential maximum sentence Petitioner faced was 100 years.  *Id.* at 5.  Petitioner agreed, on the record, that he understood which sentences were concurrent and which could be consecutive.  *Id.*

Further, at the PCRA hearing, trial counsel testified that she had discussed, in great detail, with Petitioner which sentences were concurrent and which could be consecutive.  (N.T. 3/11/08 at 55).  The Superior Court and the PCRA court credited trial counsel's testimony.  2010 Super. Ct. Op. at 7 (citing PCRA Court Opinion at 11 n.14).  This factual determination is binding on this court. *See Affinito v. Hendricks*, 366 F.3d 252, 256 (3d Cir. 2004); 28 U.S.C. § 2254(e)(1).  Hence, there is no way this court could conclude that Petitioner believed his plea agreement precluded the possibility that the sentences for each criminal episode could be consecutive to each other – as ultimately occurred.  Consequently, his assertion of trial counsel ineffectiveness lacks any factual support.  Trial counsel cannot be ineffective for failing to raise a baseless claim, *see Johnson*, 549 F.3d at 303, hence, claim two fails.

### 4.    Claim Three

Petitioner asserts that trial counsel was ineffective for failing to challenge the legality of his sentence enhancement based upon the BB gun he used to commit the offenses inasmuch as he claims that the BB gun he used could not qualify as a deadly weapon.  Mem. at 22-32.  The Commonwealth responds that this claim lacks merit, because Petitioner admitted that he used a carbon dioxide

("CO2") powered BB gun, which does qualify as a deadly weapon, or, alternatively, that a non-CO2 powered BB gun qualifies as a deadly weapon.  Resp. at 15-17.

The Superior Court concluded that Petitioner's claim lacked merit.  Although Petitioner told the police after his arrest that he had used a non-CO2 powered BB gun during the first four criminal episodes, he was arrested at the last incident with a CO2 powered BB gun in his possession.  2010 Super. Ct. Op. at 11.  The Superior Court concluded that Petitioner had lied in his confession about the weapon he used in the first four criminal episodes.  *See id.*  This fact-finding is binding on this court.  *See Affinito*, 366 F.3d at 256; 28 U.S.C. § 2254(e)(1).

In light of the Superior Court's binding factual finding that Petitioner lied and had, in fact, used a CO2 powered BB gun during all five criminal episodes, his claim of ineffective assistance fails as completely unsupported by the record.  Therefore, it was reasonable for the Superior Court to conclude that his ineffective assistance claim lacked merit.  *See Johnson*, 549 F.3d at 303 (holding that counsel cannot be ineffective for omitting a meritless claim).  Further, in a case decided after Petitioner's guilty pleas were accepted, the Superior Court concluded that a non-CO2 powered BB gun could qualify as a deadly weapon, *see Commonwealth v. Ramos*, 920 A.2d 1253, 1260 (Pa. Super Ct. 2007);[6] hence, Petitioner's claim of ineffective assistance would fail, even if one assumed that the offenses were committed with a non-CO2 powered BB gun.  *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993) (holding that a defendant is not prejudiced when his counsel fails to make an objection supported by a decision that is subsequently overruled).

### 5.    Claim Four

Petitioner asserts that trial counsel was ineffective for improperly advising him about whether

---

[6]In *Ramos*, the record established that a non-CO2 BB gun actually fired the BB with more velocity than the CO2 powered BB gun. 920 A.2d at 1257 n.2.

his confession could have been suppressed. Mem. at 33-34. The Commonwealth responds that Petitioner and trial counsel discussed whether to seek suppression and Petitioner waived that tactic so that a guilty plea could be negotiated. Resp. at 17. The Commonwealth also maintains that trial counsel's course of conduct was designed to effectuate Petitioner's interest, to wit, to obtain the best plea terms possible. *Id.* at 18.

The Superior Court resolved this claim by adopting the PCRA court's reasoning. 2010 Super. Ct. Op. at 11-13. The PCRA court reasoned that, during the evidentiary hearing, Petitioner had failed to adduce any evidence in support of his claim that his confession – obtained after *Miranda*[7] warnings and taped by police – was involuntary. 2010 Super. Ct. Op. at 11-12.[8] The PCRA court noted that trial counsel testified extensively about her discussions with Petitioner regarding the decision not to file a motion to suppress his confession. *Id.* Trial counsel advised Petitioner that she believed, even if his confession was suppressed, other, overwhelming evidence would convict him and the Commonwealth would seek a more severe sentence. *Id.* During those discussions, Petitioner emphasized that he wanted to plead guilty and he decided not to file a motion to suppress. *Id.* at 12. Hence, the PCRA court concluded that Petitioner had failed to develop any evidence that trial counsel was ineffective for not filing a motion to suppress. *Id.*

The Superior Court's resolution of Petitioner's claim was reasonable. First, Petitioner failed to testify at his PCRA hearing or otherwise provide a scintilla of evidence to support his assertion that his confession could be suppressed as involuntary. This means a suppression motion would have been meritless; counsel cannot be ineffective for failing to raise a meritless claim. *See Johnson*,

---

[7] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[8] The Superior Court quoted at length from pages 16 and 17 of the PCRA court's opinion. 2010 Super. Ct. Op. at 11-12. Hence, this court will cite to the Superior Court's opinion.

549 F.3d at 303.  Second, counsel's actions were motivated, in large part, to protect Petitioner from

a potentially lengthier sentence if he opted for trial over a guilty plea.  2010 Super. Ct. Op. at 12.

Such motivation – to minimize potential harm to the client – is professionally reasonable under the

AEDPA standard.  *See Harrington v. Richter*, 131 S.Ct. 770, 789-90 (2011) (citing *Strickland*, 466

U.S. at 691).  Finally, the Superior Court found, as a matter of fact, that Petitioner himself decided

both to plead guilty and forgo a suppression motion.[9]  2010 Super. Ct. Op. at 12.  Petitioner cannot

fault counsel for his own decision.  *See Strickland*, 466 U.S. at 691 (noting that the reasonableness

of an attorney's actions must be evaluated in light of the client's own statements or actions).

### 6.     Claim Five

Petitioner asserts that trial counsel was ineffective for failing to object to the conspiracy

charge contained in count 31 of the information.  Mem. at 36.  He claims that the conspiracy charge

should have been graded as a third, not first, degree felony.  *Id.*  The Commonwealth responds that,

under state law, conspiracy is graded at the same level as the most serious crime that is the object

of the conspiracy.  Resp. at 19.  Hence, the conspiracy to commit robbery charged in count 31 was

properly graded as a first degree felony, because robbery is a first degree felony.  *Id.*

The Superior Court concluded that count 31 charged a conspiracy to commit robbery.  2010

Super. Ct. Op. at 13.  Under Pennsylvania law, a conspiracy is graded at the same level as the most

serious offense that is an object of the conspiracy.  *Id.* (citing 18 Pa. Cons. Stat. Ann. § 905(a)).

Robbery is a first degree felony.  *Id.* (citing 18 Pa. Cons. Stat. Ann. § 3701(b)).  Hence, the

conspiracy in count 31 was properly graded as a first degree felony.  *Id.*  Accordingly, trial counsel

was not ineffective.  *Id.*

---

[9] This fact-finding is binding on this court.  *See Affinito*, 366 F.3d at 256; 28 U.S.C. § 2254(e)(1).

The Superior Court's conclusion that count 31 was properly graded as a first degree felony is a matter of state law, binding on this court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004). This means that Petitioner's claim alleges that trial counsel was ineffective for failing to raise a meritless claim, which is not viable. *See Johnson*, 549 F.3d at 303.

### III.  CONCLUSION

Petitioner's first claim is procedurally defaulted; his remaining claims lack merit when evaluated under the AEDPA standard. Reasonable jurists would not debate the appropriateness of this court's procedural or substantive disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **<u>RECOMMENDATION</u>**

AND NOW, this 23rd day of March, 2012, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Petitioner's procedurally defaulted claim one be DISMISSED, without an evidentiary hearing, and that claims two through five be DENIED, as lacking merit under the AEDPA standard, without an evidentiary hearing.  Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

  */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge

-14-